UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| IN RE SUBPOENA SERVED ON CLARK REALTY CAPITAL, L.L.C., | : : : : : : | Misc. Action No.: | 23-mc-00049(RC) |

## MEMORANDUM OPINION

GRANTING JEFFERIES ENTITIES' MOTION TO COMPEL

### I. INTRODUCTION

Before the Court is Jefferies Mortgage Finance, Inc., Jefferies & Company, Inc., Jefferies LLC, and Jefferies Group LLC's ("Jefferies") Motion to Compel Compliance with a Deposition Subpoena ("Motion" or "Motion to Compel") that was served upon Clark Realty Capital, LLC ("Clark") on April 28, 2023. If this Court does not grant Jefferies' Motion, Jefferies' asks in the alternative that the Court transfer the Motion to the United States District Court for the Southern District of New York, which is overseeing the relevant action and issued the subpoena. Clark contends that Jefferies' Motion should be denied as procedurally deficient. For reasons set forth below, this Court denies Jefferies' request to transfer this Motion and grants its Motion to Compel.

### II. FACTUAL BACKGROUND

The subpoenas at issue in this Motion were issued in a case being heard in the United States District Court for the Southern District of New York. Clark is a non-party to this case. Although Jefferies filed the present Motion, its co-defendant Ambac Assurance Corp. ("Ambac") served the initial subpoena on Clark. Clark was served with a subpoena for a Rule 30(b)(6) deposition on or about January 23, 2023. *See* Mot. Compel ("Mot.") Ex. F, ECF No. 1-10; Fed. R. Civ. P. 30(b)(6). Clark objected to the proposed topics as overly broad and unduly

burdensome. Mot. Ex. G, ECF No. 1-11. After conferring with Clark about the scope of the initial subpoena, Ambac revised the topics included in the subpoena on March 13, 2023 and April 5, 2023. Mot. Ex. H, ECF No. 1-12. The scope was further narrowed after an email exchange on April 10, 2023. Mot. Ex. I, ECF No. 1-13. On April 14, 2023, Clark notified Jefferies' co-defendant Ambac that it would refuse to tender a witness. *See* Mot. Ex. J, ECF No. 1-14.

Jefferies issued the subpoena at issue here on April 27, 2023, and set the deposition date as May 3, 2023. *See* Mot. Ex. K, ECF No. 1-15. Clark was served with the subpoena on April 28, 2023. *See* Mot. Ex. L, ECF No. 1-16. This new subpoena specified additional topics but, according to Jefferies, narrowed the scope of inquiry. *See* Mem. Supp. Mot. Compel at 5 ("Supp."), ECF No. 1-1. Clark again refused to produce a witness, reiterating prior arguments that the deposition was unduly burdensome. Jones Decl. ¶ 18., ECF No. 1-4. In an email exchange beginning April 27, 2023, and ending on May 2, 2023, Clark and Jefferies discussed the deposition topics and Clark's continuing objections. *See* Mot. Ex. M., ECF No. 1-17. The parties also discussed whether a motion to compel would be properly filed in Virginia or in Washington, D.C. *Id.* at 8, 10. Clark informed Jefferies that it would not provide a deponent, and Jefferies responded that it "reserve[d] all rights to move to compel Clark's compliance." *Id*. On May 11, 2023, Jefferies filed its Motion to Compel Clark to comply with the subpoena. *See generally* Mot.

### III.  ANALYSIS

Jefferies asks this Court to either grant its Motion to Compel Clark to produce a witness to testify or to transfer the Motion to the U.S. District Court for the Southern District of New

York. *See generally* Mot.; Supp. For reasons described below, this Court denies Jefferies' request to transfer this Motion and grants Jefferies' Motion to Compel.

**A. Transfer is not warranted.**

Under Federal Rule of Procedure 45, a subpoena to produce materials, permit inspection of materials, or submit to a deposition "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). If the subpoena's recipient does not comply to the serving party's satisfaction, the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." *Id.* 45(d)(2)(B)(i). Similarly, the subpoena's recipient may move "the court for the district where compliance is required" to quash or modify the subpoena. *Id.* 45(d)(3)(A). However, under Federal Rule of Civil Procedure 45(f), where compliance is required, the Court can transfer those motions to the court that issued the subpoena "if the person subject to the subpoena consents or if the court finds exceptional circumstances." *Id.* 45(f). The 2013 Advisory Committee Note to Rule 45 provides some guidance:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments).

Courts in this jurisdiction have relied on several factors to find exceptional circumstances, including "the complexity of the underlying matter, its procedural posture, the

3

duration of pendency of the underlying case, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *In re Braden*, 344 F. Supp. 3d 83, 90 (D.D.C. 2018) (cleaned up).   Based on these factors, other courts have granted motions to transfer where ruling on a motion to compel required the court to navigate through substantive issues in the underlying litigation.  *See, e.g., Fed. Home Loan Mortgage Corp. v. Deloitte & Touche LLP*, 309 F.R.D. 41, 44 (D.D.C. 2015) (transferring motion to compel that required nuanced legal analysis of whether good cause justified overruling qualified executive privileges); *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 377 (D.D.C. 2017) (transferring motion to compel where subpoena part of complex, multi-district litigation that was consolidated "*precisely because* a single tribunal needs to adjudicate all discovery issues"); *XY, LLC v. Trans Ova Generics L.C.*, 307 F.R.D. 10, 13 (D.D.C. 2014) (transferring motion to quash where motion involved questions of privilege and trade secrecy that might have implications on underlying litigation).  Jefferies argues that transfer is appropriate here because the issuing court has already heard and decided multiple discovery motions "relating to Clark's obligation to produce documents" and is already familiar with the "complex and intricate facts of this case." Supp. at 7.

Unlike in other cases where courts have found exceptional circumstances meriting transfer, here the Court is not faced with a motion to quash or for a protective order.  Clark does not argue to this Court that the subpoena is unduly burdensome.  *See generally* Opp.  Instead, Clark's opposition is premised entirely on Jefferies' compliance with the local rules of this Court.  *Id.*  This is not a complex issue requiring a transfer.  *See Hood v. City of Chicago*, No. 19-mc-00123, 2019 WL 5295169 at *3 (D.D.C. Oct. 18, 2019) (finding no exceptional circumstances where issues were compliance with service requirements, burden of testimony,

4

and reporter's privilege). The Court does not need to wade into the complexities of the underlying case to resolve Jefferies' Motion to Compel because the key issue here is whether Jefferies complied with local court rules. This Court is well-equipped to rule on its own local rules. Jefferies' request that the Court transfer this Motion to the issuing court is denied.

**B. Jefferies' Subpoena Complies with Local Rules.**

Rule 30(b)(6) requires an organization to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Fed. R. Civ. P. 30(b)(6). "The persons designated must testify about information known or reasonably available to the organization." *Id.* "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Clark does not argue that the subpoena itself is deficient, nor does it move for a protective order or to quash the subpoena. Instead, it contends that Jefferies' Motion to Compel should be denied for failing to comply with the Court's Local Rules. *See generally* Clark's Mem. Opp. Mot. Compel. ("Opp."), ECF No. 2. This Court disagrees.

First, Clark argues that Jefferies failed to provide "reasonable notice" before a deposition can be taken. Opp. at 2. According to Clark, this Court's Local Rules provide that "fewer than seven days' notice is per se unreasonable." *Id.* This is a misreading of the Local Rules, which state that service of notice seven days before a deposition is scheduled "shall constitute 'reasonable notice' to a party as required by Fed. R. Civ. P. 30(b)(6)." Local Civ. R. 30.1. This language does not create a per se rule that notice of fewer than seven days is unreasonable. *See, e.g., Abraha v. Colonial Parking, Inc.*, 311 F. Supp. 3d 237, 240 (D.D.C. 2018) (finding notice of four days sufficient where the party requested the discovery "without yet resorting to the

compulsion of a subpoena—18 days beforehand"). Rather, it provides assurance to parties that seven days of notice will be considered reasonable notice, though less than seven days may also be reasonable depending on the facts of a specific case. Here, Clark previously received, and refused to provide a witness for, a subpoena and amended subpoena for 30(b)(6) testimony. *See* Mot. Ex. F, ECF No. 1-10; *Id.* Ex. K, ECF No. 1-15. The first of these subpoenas was issued on January 23, 2023, over three months before service of the subpoena at issue here. Mot. Ex. F. Clark conferred with Clark and its co-defendant Ambac throughout those three months about Clark's objections and the scope of the deposition topics. They continued to confer between the service of the present subpoena on April 28, 2023, and the set deposition day of Wednesday, May 3, 2023. *See* Mot. Ex. M. These prior subpoenas and months of discussion provided Clark reasonable notice before the subpoenaed deposition.

Next, Clark argues that Jefferies failed to satisfy their obligation to meet and confer under Local Civil Rule 7(m). Opp. at 3–4. Local Rule 7(m) requires parties filing nondispositive motions in civil cases to "discuss the anticipated motion with opposing counsel in a good faith effort to determine whether there is any opposition to the relief sought." Local Civ. R. 7(m). The rule requires parties to take real, good faith steps to confer in order to "narrow the issues that must be brought to the court." *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006). Other courts in this jurisdiction have found parties satisfied this obligation when they placed opposing counsel on notice of the asserted discovery deficiencies. *See, e.g., Doe v. District of Columbia*, 231 F.R.D. 27, 30 (D.D.C. 2005) (holding correspondence "requesting that plaintiff comply with its discovery requests" satisfied meet and confer requirement); *Mannina v. District of Columbia*, 437 F. Supp. 3d 1, 7 (D.D.C 2020) ("[Plaintiff's] failure to meet and confer did not prejudice [Defendant], . . . as [Plaintiff] has repeatedly informed [Defendant] of her objections").

Even if a party does not strictly comply with certification requirements under the rules, "[t]he Court may, in the interest of judicial economy, reach the merits of a motion." *English v. WMATA*, 323 F.R.D. 1, 26 (D.D.C. 2017).

As described above, Jefferies and its co-defendant Ambac have taken steps to confer with Clark and narrow the deposition topics. Mot. Ex. G, H, I; Jones Decl. ¶ 11–14. Clark cannot, and does not, argue that it was not on notice that Jefferies intended to file a motion to compel if Clark continued to refuse to make a representative available for deposition. *See* Mot. Ex. M, at 1, 3, 8, 10 (discussing where a motion to compel would be properly filed). The parties also met and conferred to discuss Clark's intention to not provide a witness. Jones Decl. ¶ 18. This Court considers those email exchanges, as well as the related meet and confer sessions, to satisfy Jefferies' Rule 7(m) requirement for this Motion.

This Court considers Jefferies' subpoena as compliant to the local rules. To the extent Clark challenges the substance of the subpoena, those challenges should have been made through a motion for entry of a protective order or a motion to quash. Clark may not simply refuse to provide a witness. *See* Fed. R. Civ. P. 37(d) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."). Because Clark has failed to either move for a protective order or a motion to quash, and all of its procedural objections fail, Jefferies' Motion to Compel is granted and Clark must now designate, prepare, and produce a properly educated 30(b)(6) witness within 30 days of this date.

## IV.  CONCLUSION

For the foregoing reasons, Jefferies' Motion is DENIED as to its request for transfer and GRANTED as to its Motion to Compel.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 17, 2023                                RUDOLPH CONTRERAS
                                                        United States District Judge